**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 2000 P Street NW, Suite 240 Washington, D.C. 20036 | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action #  15-cv-1488 |
| v. | ) ) | |
| | ) | **COMPLAINT** |
| UNITED STATES CHEMICAL SAFETY BOARD, 2175 K Street NW, Ste.  400 Washington, DC 20037 | ) ) ) ) ) | |
| Defendant. | ) ) | |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("PEER" or "Plaintiff") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, in order to compel the United States Chemical Safety Board ("CSB"), to disclose records CSB wrongfully withheld in failing to respond within the statutory deadline to four of Plaintiff's FOIA requests regarding potentially inappropriate conduct by CSB officials.

2. Plaintiff is a non-profit organization with tax-exempt status dedicated to research and public education concerning the activities and operations of federal, state, and local governments.

3. **Request 1**:  On June 22, 2015 Plaintiff requested information on Defendant's retention of private attorneys and the investigation of two CSB employees who had been placed on administrative leave.  On July 21, 2015, Defendant acknowledged that it had received the request on June 22, 2015 and assigned it Request No. R15-33.

4. **Request 2**: On July 24, 2015 Plaintiff requested communications and other information about Board Member Engler. On August 28, 2015, Defendant acknowledged that it had received the request on July 24, 2015 and assigned it Request No. R15-37.

5. **Request 3**: On July 27, 2015, Plaintiff requested documents related to unspecified "procurements" that the CSB recently approved. On August 28, 2015, Defendant acknowledged that it had received the request on July 27, 2015 and assigned it Request No. R15-39.

6. **Request 4**: On August 3, 2015, Plaintiff requested copies of six specified unpublished CSB orders. Defendant neither acknowledged this response nor assigned a tracking number.

7. FOIA requires that federal agencies respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a "profound national commitment to ensuring an open Government" and directs agencies to "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

8. To date, Defendant has failed to produce any records in response to Plaintiff's four requests, and the statutory production deadline for each has expired. Defendant's conduct is arbitrary and capricious and amounts to a denial of Plaintiff's FOIA requests.

9. Plaintiff constructively exhausted its administrative remedies under 5 U.S.C. § 52(a)(6)(C)(i), and now seeks an order from this Court requiring Defendant to immediately produce the records sought in Plaintiff's FOIA requests as well as other appropriate relief.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

11. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

12. This Court is a proper venue because Plaintiff resides in the District of Columbia. *See* 28 U.S.C. § 1391(e)(1)(C) (2011) (where defendant is the government or a government agent, a civil action may be brought in the district where the plaintiff resides if there is no real property at issue). Venue is also proper under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

13. This Court has the authority to award costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

14. Plaintiff, PEER, is a non-profit public interest organization headquartered in Washington, D.C., with field offices in California, Colorado, Florida, Massachusetts, and Tennessee. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and ethics in government. Informing the public about these important public policy issues is central to PEER's mission. PEER educates and informs the public through news releases to the media on its website, www.peer.org.

15. Defendant, CSB, is an agency of the United States as defined by 5 U.S.C. § 552(f)(1).

16. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.  Here, Defendant is denying Plaintiff access to its records in contravention of federal law.

## FACTS

17. The FOIA requires federal agencies to determine within 20 working days after the date on which the request is first received by the agency whether to comply with such request, 5 U.S.C. § 552(a)(6)(A), and may extend this time period for up to 10 working days only in a written notice to the requestor that explains the "unusual circumstances" necessitating an extension, 5 U.S.C. § 552(a)(6)(B)(i).  The FOIA provides a specific definition for "unusual circumstances" in 5 U.S.C. § 552(a)(6)(B)(iii).

18. **Request 1**: On June 22, 2015, Plaintiff submitted a FOIA request via U.S. mail and email to the CSB seeking all contracts, budgets, documents, emails, and communications relating to the CSB's use or retention of outside private legal counsel and all communications relating to the personnel situation, investigation, or placement onto administrative leave of the CSB's managing director and/or the general counsel.

19. On July 21, 2015, Defendant acknowledged that it received the request on June 22, 2015, assigned it Request No. R15-33, and stated that it anticipated sending a final response "within 30 days," providing no further explanation.

20. Twenty working days after the date on which the request was received was July 21, 2015.

21. **Request 2**:  On July 24, 2015 Plaintiff submitted a FOIA request via U.S. mail and email to the CSB requesting the following concerning Board Member Rick Engler:

    1) *All personal email communications related to CSB business, activities, or personnel since February 5, 2015, using the account rickenglerpa@gmail.com, rengler@njwec.org, or any other personal email account used by Board Member Engler;*

    2) *All text messages to or from Board Member Engler related to the CSB;*

    3) *All communications to or from Board Member Engler with*

        A) *The staff of the White House;*
        B) *Staff, members, or committees of Congress;*
        C) *Employees or officials of the United Steelworkers, the AFL-CIO, the International Chemical Workers Union, Change to Win, the Communication Workers of America or any other labor union;*
        D) *Members of the news media;*
        E) *Any former Board members including but not limited to Gerald Poje, William Wark, William Wright, Gary Visscher, Beth Rosenberg, and John Bresland; and*
        F) *Any former CSB investigators including but not limited to Bill Hoyle, John Vorderbrueggen, Robert Hall, and Jeffrey Wanko.*

    4) *All attendance records of Board Member Engler at his Washington, DC, duty station, including all Datawatch key fob records of entry into the CSB's headquarters;*

    5) *The Outlook appointment calendar for Board Member Engler;*

22. On August 28, 2015, Defendant acknowledged that it received the request on July 24, 2015, assigned it Request No. R15-37, and stated that it anticipated sending a final response "within 90 days," providing no further explanation.

23. Twenty working days from the date on which the request was received was August 21, 2015.

24. **<u>Request 3</u>**: On July 27, 2015, Plaintiff submitted a FOIA request via U.S. mail and email to the CSB requesting all documents describing procurements referenced in Notation Item 2015-52 ("related to Fiscal Year 2015 and Fiscal Year 2016 procurements") which the CSB had approved on July 21, 2015, including the anticipated expenses and source of funds to be tapped to defray these costs; and any communications between the two Board Members concerning this notation item.

25. On August 28, 2015, Defendant acknowledged that it received the request on July 27, 2015, assigned it Request No. R15-39, and stated that it anticipated sending a final response "within 90 days," providing no further explanation.

26. Twenty working days from the date on which the request was received was August 24, 2015.

27. **Request 4**: On August 3, 2015, Plaintiff submitted a FOIA request via U.S. mail and email to the CSB requesting copies of six specified unpublished CSB orders: Board Order 24 - Acquisition of Supplies and Services; Board Order 27 - Procurement Roles; Board Order 34 - Information Technology Security Policy; Board Order 36 - Incident Selection Process; Board Order 40 - Investigation Protocol; and Board Order 41 - Unknown title.

28. Although Defendant neither acknowledged this request nor assigned a tracking number, the agency presumably received it, as with the other three, on the date Plaintiff emailed it.

29. Twenty working days from the presumptive date on which the request was received was August 31, 2015.

30. To date, Defendant has provided no responsive records related to any of the four requests.

31. Because administrative remedies under FOIA are deemed exhausted whenever an agency fails to comply with the applicable time limits, 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has actively exhausted all administrative remedies.

32. Plaintiff now turns to this Court to enforce FOIA's remedies and its guarantee of public access to agency records.

## CAUSE OF ACTION

### Violation of the Freedom of Information Act

33. Plaintiff incorporates the allegations in the preceding paragraphs.

34. Defendant's failure to disclose the records requested in the four FOIA requests described in this complaint within the time frames mandated by statute is a constructive denial and wrongful withholding of records in violation of FOIA, 5 U.S.C. § 552 *et seq*., and the Agency's own regulations promulgated there under, 40 C.F.R. § 1601.1 *et seq*.

## Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant has wrongfully withheld the requested agency records;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld records;

iii. Maintain jurisdiction over this action until Defendant complies with the FOIA and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Dated: September 14, 2015

Respectfully submitted,

\_\_/s/Laura Dumais_____
Laura Dumais, DC Bar # 1024007
Public Employees for Environmental Responsibility,
2000 P Street, NW Suite 240
Washington, D.C. 20036
(202) 265-7337

*Attorney for Plaintiff*